**AGRICULTURE WORKERS AUTO INSURANCE COMPANY, Appellant,**

v.

**Jack LACY, Appellee.**

No. 11538.

Court of Civil Appeals of Texas.

Austin.

Nov. 1, 1967.

As Amended on Denial of Rehearing
Nov. 29, 1967.

As Amended on Denial of Second Rehearing
Nov. 29, 1967.

Third Rehearing Denied Dec. 20, 1967.

**32**

---

Hill, Paddock & Street, Clifford F. McMaster, Fort Worth, for appellant.

Abney, Hammett & Lynch, E. C. Green, Lampasas, for appellee.

## OPINION

HUGHES, Justice.

I concur in the affirmance of this case on the ground that venue in Lampasas County may be sustained under Sub. 23, Art. 1995, Vernon's Ann.Tex.Civ.St., providing, in part, that a suit against a private corporation may be brought in the county in which the cause of action or a part thereof arose.

This suit was to recover for damages to an automobile owned by appellee resulting from a collision with another automobile. The automobile owned by appellee was covered by an insurance policy issued by appellant insuring appellee against losses of the nature claimed.

The agreement to buy this insurance was consummated in Lampasas County, and appellant delivered the policy sued on in Lampasas County.

There is testimony that the automobile of appellee was in collision with another automobile and that the automobile of appellee sustained substantial damage.

Appellant is a private corporation, incorporated under the laws of the State of Texas.

Appellant's only contention in denying the application of Sub. 23 is that appellee did not prove a cause of action because he did not prove that he had furnished appellant with a "sworn" proof of loss as required by the policy in suit.

The wife of appellee testified that appellant furnished appellee a proof of loss form and that "there was no place on the loss sheet for it to be sworn to. I filled it out exactly like it said and signed it and sent it in."

There is no evidence that appellant made any objections to the proof of loss furnished it by appellee until the hearing on the plea of privilege.

The rule is that furnishing an unsworn proof of loss may be substantial compliance with the requirement that a sworn proof of loss be furnished. Where there is no objection on this ground, and no opportunity given to correct the defect, furnishing an unsworn proof of loss is substantial compliance with the requirement. Austin Building Company v. National Union Fire Ins. Co., 403 S.W.2d 499, Tex.Civ.App., Dallas, writ ref. n. r. e.

The above opinion has been adopted as the opinion of the Court, the majority opinion heretofore delivered having been withdrawn.